HOFFMAN & FORDE, ATTORNEYS AT LAW
DANIEL R. FORDE (248461)
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Telephone: (619) 546-7880
Facsimile: (619) 546-7881
dforde@hoffmanforde.com

POLEK LAW
FRANK J. POLEK (167852)
701 B Street, suite 1110
San Diego, CA 92101
Telephone: (619) 550-2455
Facsimile: (619) 274-8166
frank@poleklaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UN BOON KIM, on behalf of Herself, All Others Similarly Situated and the General Public;<br><br>    Plaintiffs,<br><br>v.<br><br>SHELLPOINT PARTNERS, LLC dba SHELLPOINT MORTGAGE SERVICING,<br><br>    Defendants. | Case No.: 15-cv-00611-LAB-BLM<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**VIOLATIONS OF THE TRUTH IN LENDING ACT**<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff Un Boon Kim ("Plaintiff" or "Kim") brings this action on behalf of herself and all others similarly situated against defendant Shellpoint Partners, LLC dba Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant").  Plaintiff alleges as follows:

## NATURE OF THE ACTION

1.      This action seeks redress for damages caused by Shellpoint's numerous violations of Federal laws.

2.      Shellpoint's improper practices include, among other things, failing to provide consumers with accurate, complete and lawful monthly periodic mortgage statements.  As a result, Plaintiff and others similarly situated suffered substantial economic harm.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because a substantial part of this action arises under the laws of the United States.

4.      This Court also has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which at least one member of the class of plaintiffs is a citizen of a State different from any defendant.

5.      This Court also has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because Shellpoint:

       (a)      is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

       (b)      does substantial business in this district; and

       (c)      is subject to personal jurisdiction in this district.

## THE PARTIES

7.      At all times relevant, Plaintiff is a citizen of the State of California. Plaintiff resides in San Diego County, California.  At all times relevant herein,

SECOND AMENDED COMPLAINT
Case No. 15-cv-00611-LAB-BLM

Plaintiff owned a single-family residence, located within the City San Diego ("Subject Property").

8.     Shellpoint is a mortgage lender and servicer with headquarters in Greenville, South Carolina.  On information and belief, Plaintiff alleges that Shellpoint is organized under the laws of the State of Georgia and is citizen of Georgia.  California represents approximately 25% of Shellpoint's business, which totals nearly $11.35 billion in loans.

9.     Shellpoint produces mortgage loans on a national scale and generally performs the ongoing servicing functions related to the mortgage loans that it produces.  Shellpoint also purchases mortgages sold on the secondary market and services the mortgages it purchases.  Shellpoint at times modifies, refinances, or otherwise changes the mortgages it produces and/or services.  Shellpoint is responsible, in whole or in part, for the wrongs alleged herein.

## FACTUAL ALLEGATIONS

10.     On or about March 17, 2004, Plaintiff and her late husband took out a home loan for approximately $400,000.00 ("the Loan") and signed a promissory note.  On information and belief, the Loan and related documents (including the deed of trust securing the Loan and mortgage statements related to the Loan) are standardized adhesionary contracts prepared, approved, or purchased by Shellpoint and are exemplars of those entered into by members of the class.

11.     Subsequently, the Loan was transferred and/or sold to Bank of America, N.A., which later transferred and/or sold the Loan to Resurgent Mortgage Servicing.  Resurgent Mortgage Servicing then transferred and/or sold the Loan to Shellpoint on or about February 2014.  Beginning in or around February 2014, Shellpoint owned and serviced the Loan.

12.     On information and belief, Plaintiff alleges that Shellpoint is the current lienholder on the Subject Property and Plaintiff's creditor.  In the Modification, Shellpoint identifies the "Current Lender Name" as "Shellpoint

SECOND AMENDED COMPLAINT
Case No. 15-cv-00611-LAB-BLM

Mortgage Servicing" (Exhibit 1).  The "Home Affordable Modification Agreement" also identifies Shellpoint as the actual lender.  It states, "Lender or Servicer ("Lender"):  Shellpoint Mortgage Servicing ("Shellpoint")" (Exhibit 1).  Shellpoint never identifies itself in the Modification as merely a servicer for another lender.

13.     Furthermore, in a Voluntary Lien Report provided by Shellpoint (a true and correct copy of which is attached hereto as "Exhibit 2"), Shellpoint is identified as the lender on the Subject Property.

14.     On or about November 15, 2014, Shellpoint sent plaintiff a regular monthly statement reflecting the modified terms of the mortgage.  However, included in the amount due by December 1, 2014 was a $250.00 charge entitled "Total Fees and Charges" and described as a "Trustee Asses" (hereinafter the "Foreclosure Fee").  The monthly statement provided that payments of the Foreclosure Fee along with the regular monthly mortgage payment were due on or before December 1, 2014, and an unspecified late fee may be assessed after December 16, 2014.  A true and correct copy of the December 2014 monthly mortgage statement is attached hereto as "Exhibit 3."

15.     On information and belief, Plaintiff alleges that Exhibit 3 and the subsequent mortgage statements discussed below are exemplars of those given by Shellpoint to the class.

16.     The December 2014 monthly statement did not state that the interest rate and monthly payment would increase, and it did not state the date of the next interest rate change, as is specified in the Modification.  The December 2014 monthly statement also did not state the amount of any late fee should the regular payment due on this statement not be paid by a date certain.

17.     On or about December 16, 2014, Shellpoint sent to Plaintiff her monthly mortgage statement for the month of January 2015.  A true and correct copy of this monthly statement is attached as "Exhibit 4."

18.     The January 2015 monthly statement did not state that the interest rate and monthly payment would increase or the date of the next interest rate change, as is specified in the Modification. The January 2015 monthly statement also did not state the amount of any late fee should the regular payment due on this statement not be paid by a specified date.

19.     On or about January 16, 2015, Shellpoint sent Plaintiff her February 2015 monthly mortgage statement.  A true and correct copy of this monthly statement is attached as "Exhibit 5."

20.      The February 2015 monthly statement did not state that the interest rate and monthly payment would increase or the date of the next interest rate change, as is specified in the Modification.  The February 2015 monthly statement also did not state the amount of any late fee should the regular payment due on this statement not be paid by a specified date.

21.     On or about February 13, 2015, Shellpoint sent Plaintiff her March 2015 monthly mortgage statement.  A true and correct copy of this monthly statement is attached as "Exhibit 6."

22.      The March 2015 monthly statement did not state that the interest rate and monthly payment would increase or the date of the next interest rate change, as is specified in the Modification.  The March 2015 monthly statement also did not state the amount of any late fee should the regular payment due on this statement not be paid by a specified date.

23.     On or about May 13, 2015, Shellpoint sent Plaintiff her May 2015 monthly mortgage statement.  A true and correct copy of this monthly statement is attached as "Exhibit 7."

24.     The May 2015 monthly statement did not state that the interest rate and monthly payment would increase or the date of the next interest rate change, as is specified in the Modification.

25.    The May 2015 monthly statement was the first statement received by Plaintiff from Shellpoint specifying the amount of the late fee to be paid if the payment was not received by a date certain.

## TRUTH-IN-LENDING ACT

26.    The Truth-in-Lending Act ("TILA"), which is contained in Title I of the Consumer Credit Protection Act, is a federal law that was enacted on May 29, 1968.  TILA protects consumers in their dealings with lenders and creditors.  TILA mandates that credit and charge companies disclose certain information with regards to borrowers' accounts.  TILA applies to most types of credit, including closed-end credit (such as mortgages) and open-ended credit (such as credit cards).

27.    As part of TILA, 15 U.S.C. §1639(a)(2) provides in pertinent part, "the creditor shall disclose – (A) in the case of a credit transaction with a fixed rate of interest, the annual percentage rate and the amount of the regular monthly payment; or (B) in the case of any other credit transaction, the annual percentage rate of the loan, the amount of the regular monthly payment, a statement that the interest rate and monthly payment may increase, and the amount of the maximum monthly payment, based on the maximum interest rate allowed pursuant to section 3806 of title 12."

28.    As part of TILA, Section 1026.41(d)(1)(ii) of the Code of Federal Regulations provides in pertinent part, "[t]he periodic statement required by this section shall include ... [t]he amount of any late payment fee, and the date on which that fee will be imposed if payment has not been received."

29.    As part of TILA, Section 1026.41(d)(7)(iii) of the Code of Federal Regulations provides in pertinent part, "[t]he periodic statement required by this section shall include ... [t]he date after which the interest rate may next change."

30.    As part of TILA, 15 U.S.C. Section 1640 provides in pertinent part, "any creditor who fails to comply with any requirement under [TILA] ... is liable in an amount equal to the sum of – (1) any actual damage sustained by such person as

SECOND AMENDED COMPLAINT
Case No. 15-cv-00611-LAB-BLM

a result of the failure; (2)(A) in the case of an individual action twice the amount of any finance charge in connection with the transaction ... (iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000; or (B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of $1,000,000 or 1 per centum of the net worth of the creditor; (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court; and (4) in the case of a failure to comply with any requirement under section 1639 of this title, paragraph (1) or (2) of section 1639(c), or section 1639(c)(a) of this title, an amount equal to the sum of all finance charges and fees paid by the consumer, unless the creditor demonstrates that the failure to comply is not material."

31.     Plaintiff seeks statutory damages but not actual damages.  Plaintiff is entitled to damages pursuant to 15 U.S.C. Section 1640 in an amount not less than $400 or greater than $4,000 for each violation of TILA as alleged herein. Members of the proposed class are entitled to damages pursuant to 15 U.S.C. Section 1640 not more than the lesser of $1,000,000 or 1 per centum of the net worth of Shellpoint.  Plaintiff and proposed class members are entitled to the costs of the action, together with a reasonable attorney's fee as determined by the Court.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this lawsuit on behalf of herself and the proposed class members under Rule 23(b)(1), Rule 23(b)(2), and Rule 23(b)(3),

alternatively, of the Federal Rules of Civil Procedure.  The proposed class and subclasses consist of:

> All persons who have a residential mortgage loan agreement relating to real property located within California and which is owned by Shellpoint as a creditor, and who, after January 1, 2013, Received monthly billing statements from Shellpoint that did not state that the interest rate and monthly payment would change, or the date on which the interest rate would change, or the amount of any late fee should the regular payment due not be paid by a date specified.

33.   Excluded from the class are defendants and any of their officers, directors and employees.

34.   ***Numerosity***.  The members of the class are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains thousands of members.  While the precise number of class members is unknown to Plaintiff, it is known to Shellpoint.

35.   ***Existence and Predominance of Common Questions of Law and Fact***.  Common questions of law and fact exist as to all members of the class and predominate over any questions affecting only individual class members.  All members of the class have been subject to the same conduct and their claims are based on standard form contracts.  The common legal and factual questions include, but are not limited to, the following:

(a)   whether Shellpoint's conduct constitutes violations of the laws asserted herein; and

(b)   whether Plaintiff and the class members monetary damages pursuant to statute.

36.   ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the class in that they are members of the class that they seek to represent.

SECOND AMENDED COMPLAINT
Case No. 15-cv-00611-LAB-BLM

37.     *Adequacy of Representation*.  Plaintiff will fairly and adequately protect the interests of the members of the class.  Plaintiff has retained counsel experienced in the prosecution of this type of class action litigation.  Plaintiff has no adverse or antagonistic interests to those of the class.

38.     *Superiority*.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  The damages or other financial detriment suffered by individual class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Shellpoint.  Further, the adjudication of this action presents no unusual management difficulties.

39.     Unless a class is certified, Shellpoint will retain monies received as a result of their conduct that was taken from Plaintiff and proposed class members.  Shellpoint has acted or refused to act on grounds that are generally applicable to the class so that declaratory relief is appropriate to the class as a whole.

## CLAIM FOR RELIEF

### Violations of the Truth In Lending Act

40.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

41.     At all times pertinent to this Complaint, Shellpoint was the assignee creditor of the mortgage, the Note, and underlying debt that Plaintiff entered into with Moneyline Lending Services, Inc.

42.     On information and belief, Plaintiff alleges that Shellpoint is the current mortgage holder and creditor.  In the Modification, Shellpoint identifies the "Current Lender Name" as "Shellpoint Mortgage Servicing" (Exhibit 1).  The "Home Affordable Modification Agreement" also identifies Shellpoint as the

actual lender.  It states, "Lender or Servicer ("Lender"):  Shellpoint Mortgage Servicing ("Shellpoint")" (Exhibit 1).  Shellpoint never identifies itself in the Modification as merely a servicer for another lender.

43.    At all times pertinent to this Complaint, Shellpoint was also a "servicer" within the meaning of Regulation X, 12 C.F.R. §1024.2(b) and Regulation Z, 12 C.F.R. §1026.36(c).  At all times pertinent to this complaint, Shellpoint was not a "small servicer" within the meaning of the exemption provided by 12 C.F.R. §1026.41(e)(4).

44.    At all times pertinent to this Complaint, the Loan was a closed-end consumer transaction secured by a dwelling within the meaning of Regulation Z, 12 C.F.R. §1026.

45.    As the assignee creditor of the Loan, Shellpoint was required to comply with TILA and its implementing regulation.

46.    The monthly mortgage statements that Shellpoint provided Plaintiff are "disclosure statements" within the meaning of 15 U.S.C. 1641(a).

47.    Shellpoint violated its obligations to Plaintiff under TILA.  Among other violations, Shellpoint violated 15 U.S.C. §1639 and 12 C.F.R. §1026.41(d) by failing to send Plaintiff monthly periodic statements that accurately disclose the monthly charges and fees owed on the Loan.  Shellpoint's monthly periodic statements violated these Statutes as they:  (A) failed to specify the amount to be charged as a late fee should Plaintiff make her regular monthly payment after the applicable period of time (12 C.F.R. §1026.41(d)(1)(ii)); and (B) failed to state that the interest rate and monthly payment may change and did not specify the day after which Plaintiff's interest rate would next change (15 U.S.C. §1639 and 12 C.F.R. §1026.41(d)(7)(iii)).

48.    Plaintiff has suffered actual damage as a result of these violations as more particularly described above and herein.  Plaintiff is entitled to an award of

SECOND AMENDED COMPLAINT
Case No. 15-cv-00611-LAB-BLM

statutory damages, including reasonable attorneys' fees and costs, as allowed under 15. U.S.C. §1640 of TILA.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

A.      Certifying the class as requested herein;

B.      Awarding Plaintiff and the proposed class members damages as alleged herein;

C.      Awarding injunctive relief as permitted by law or equity, including enjoining defendants from continuing the unlawful practices as set forth herein, ordering specific performance by Shellpoint, and directing Shellpoint to identify, with Court supervision, victims of its conduct;

D.      Awarding attorneys' fees and costs; and

E.      Providing such further relief as may be just and proper.


Dated: April 20, 2016                           **HOFFMAN & FORDE**


                                                                    /s/ Daniel Forde
                                                          DANIEL FORDE
                                                          3033 Fifth Avenue, Suite 225
                                                          San Diego, CA 92103
                                                          P:  (619) 546-7880
                                                          F:  (619) 546-7881
                                                          E: dforde@hoffmanforde.com

                                                          Attorneys for Plaintiffs

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: April 20, 2016                           **HOFFMAN & FORDE**

SECOND AMENDED COMPLAINT
Case No. 15-cv-00611-LAB-BLM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____/s/ Daniel Forde_____

DANIEL FORDE
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P:  (619) 546-7880
F:  (619) 546-7881
E: dforde@hoffmanforde.com

Attorneys for Plaintiffs